

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00160-CR

**SUSAN LADEAN HERRERA,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2011-2319-C1

## MEMORANDUM  OPINION

A jury convicted Appellant Susan Ladean Herrera of theft of $200,000 or more and assessed her punishment at fifty-seven years' imprisonment and a $10,000 fine.  This appeal ensued.  We affirm.

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), appellant's court-appointed appellate counsel filed a brief and motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated.  Counsel's brief meets the requirements

of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of her right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also Schulman*, 252 S.W.3d at 409 n.23.

Herrera has filed a pro se response that raises eight issues.[2] In her first and sixth issues, Herrera contends that the evidence is insufficient to support her conviction. A

---

[1] Herrera stated in her second motion for extension of time to file her pro se response that she received a copy of the record on November 15, 2015.

[2] The Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

person commits the offense of theft if "he unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2015). As limited by the indictment, "appropriate" means "to acquire or otherwise exercise control over property other than real property." *Id.* § 31.01(4)(B) (West Supp. 2015). And at the time Herrera committed the offense, it was a first-degree felony if the property stolen was $200,000 or more. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 31.03, 1993 Tex. Gen. Laws 3586, 3638 (amended 2015) (current version at TEX. PENAL CODE ANN. § 31.03(e)(7)).

Herrera argues that the evidence is insufficient because there is no evidence showing that she actually possessed over $200,000 and that all of the evidence was circumstantial. Herrera explains: "There is no evidence proving that these funds were in the appellant[']s accounts or currency found in her possession to prove the State's point." Direct and circumstantial evidence, however, are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Tim Brown, the president of the Methodist Children's Home, and Ron Schwartinsky, the former vice president of finance at the Methodist Children's Home, testified that when confronted with irregularities in the Home's ATM account, Herrera essentially admitted to taking money from the ATM. Brown testified that Herrera said something like, "I don't know why I did what I did. I'm just a single mom trying to take care of [my] kids. I'll be glad to pay it all back. Just please don't send me to jail."

Similarly, Schwartinsky testified, "[S]he said, 'Just don't send me to jail.' She said, 'I'll pay it all back. I'll get an extra job. I'll work at McDonald's. I'm just a single mother trying to take care of my kids' and that type of thing." Maggie Calhoun, a forensic auditor, testified that the total amount of cash actually stolen from the ATM was $442,000. Calhoun further stated that the total theft that can be proved against Herrera was $578,789.89. Considering all of the evidence in the light most favorable to the verdict, we believe that a rational fact finder could have found Herrera guilty of the offense of theft of $200,000 or more beyond a reasonable doubt. *See id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). Herrera's complaints about the sufficiency of the evidence are therefore not arguable grounds to advance in this appeal.

In her second through fourth issues and seventh issue, Herrera contends that she received ineffective assistance of counsel because her counsel failed to file certain motions on her behalf, failed to object to certain pretrial motions and trial testimony, and failed to present certain evidence on her behalf. To overcome the strong presumption that counsel's actions and decisions were reasonably professional and motivated by sound trial strategy, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). When the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)). The record is

silent in this case as to trial counsel's reasons for his actions and decisions. To conclude that trial counsel was ineffective would therefore call for speculation, which we will not do. *See Jackson*, 877 S.W.2d at 771; *Gamble*, 916 S.W.2d at 93. Herrera's complaints about ineffective assistance of counsel are not arguable grounds to advance in this appeal.

In her fifth issue, Herrera contends that the State should not have been allowed to speak about probation and parole during voir dire because Herrera had not yet been found guilty. First, the only objection that Herrera's counsel made when the prosecutor commented about probation during voir dire was "argumentative." The complaint on appeal does not comport with the objection presented to the trial court; therefore, it has not been preserved for our review. *See DeBlanc v. State*, 799 S.W.2d 701, 718 (Tex. Crim. App. 1990). Second, as to the prosecutor's discussion of parole during voir dire, Herrera's counsel objected that it was "not relevant at this point in time." Herrera, however, had elected to have the jury determine punishment; therefore, punishment issues were not irrelevant during voir dire. *See, e.g.*, *Hill v. State*, 426 S.W.3d 868, 875 (Tex. App.—Eastland 2014, pet. ref'd) ("A juror must be able to consider the full range of punishment for an offense, and a defendant's voir dire question about a juror's ability to do so is generally proper."). Furthermore, even if the trial court erred in overruling Herrera's objection, the error was harmless because the prosecutor merely explained eligibility for parole similarly to the parole instruction in the punishment charge.[3] Herrera's fifth issue is therefore not an arguable ground to advance in this appeal.

---

[3] After the trial court overruled Herrera's relevancy objection, the prosecutor again tried to explain eligibility for parole. After the prosecutor's second explanation, Herrera objected, "That is a misstatement of the law. If you look into the charge and what the charge continues to say is that jurors should not concern

Lastly, in her eighth issue, Herrera contends that the State presented testimony from a doctor and a nurse at punishment but did not present her medical records, which were available and showed that her diagnosis was "TIA." Herrera states, "This gave the wrong impression to the jury and made my testimony have no value to the jurors." But Herrera's medical records, which showed TIA as her final diagnosis, were admitted as State's Exhibit 18 during punishment. Herrera's eighth issue is therefore not an arguable ground to advance in this appeal.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, the judgment of the trial court is affirmed.

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also Schulman*, 252 S.W.3d at 408 n.17 (quoting *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he

themselfves [*sic*] with how the parole law works in any situation." The trial court sustained the objection, and Herrera asked for no further relief. The State then "[m]ov[ed] on from that."

must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.")). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise her of her right to file a petition for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


                                                REX D. DAVIS
                                                Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed April 21, 2016
Do not publish
[CRPM]



---

[4] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or from the date the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also Schulman*, 252 S.W.3d at 409 n.22.